# CASES

## IN THE

# SUPREME JUDICIAL COURT

### FOR

## THE COUNTY OF LINCOLN, MAY TERM, 1832.

---

### McLAINE vs. BACHELOR.

A second suit having been brought for the same cause of action, the attorney of record for the plaintiff in the first action is competent to testify that he received of the defendant the sum sued for, and discharged him of the demand, notwithstanding the attorney also claims the money under an alleged assignment from the plaintiff to himself.

THE material facts in this case appear in the opinion of the Court, which was delivered by

PARRIS J. *Alexander McLaine*, having a demand against the defendant, put it into the office of *Wilson & Porter* for collection. After a suit was commenced upon it and while pending, the action was referred, and the demand assigned to the plaintiff, *Nathaniel McLaine*.

This action is brought by *Nathaniel*, in his own name, on the award, to recover the amount awarded.

In defence it was proved by the testimony of *John Wilson*, Esq. one of the firm of *Wilson & Porter*, that, before any final award was made, the action was settled, and *Bachelor* discharged by them, they being attornies of record, and consequently having full power

McLaine *v.* Bachelor.

to act in the premises. It is objected that *Wilson* was not a competent witness on account of interest, having disclosed that the firm of which he is surviving partner, held an assignment of the demand executed by *Alexander McLaine* of prior date to the plaintiff's assignment.

If a decision in this case could at all affect *Wilson's* interest the objection should prevail. But we do not perceive that he can be so affected. The assignment to him has nothing to do with this action. He was authorised, as attorney of record, to settle with *Bachelor* and give a discharge. He is competent to prove that he did so. When he proves this fact he testifies against his own interest, by admitting his receipt of the money.

The validity of his assignment is not now to be tried. He holds the money, and is accountable for its appropriation. If the plaintiff's assignment will overreach that to *Wilson & Porter*, it must be tried in a suit by him against them, in which the judgment in this case cannot be used as evidence.

We think *Wilson* was competent to prove the fact that, as attorney, who prosecuted the suit, he settled with the defendant and discharged him. That discharge ought unquestionably to avail in defence of the present action. The plaintiff, himself, seemed to understand that *Wilson & Porter* had made the settlement, for he called upon them for the money, claiming it as his own.

We do not perceive how the plaintiff can avoid the other point in the defence. His action is on the award ; but it clearly appears that no final award was ever made.

One of the referees did testify that an award was made; but it was proved, with equal certainty, that this award was set aside, and the whole subject recommitted, and that, previous to any further proceedings, the adjustment was made with *Wilson & Porter.*

If they received the money to which the plaintiff is entitled, he must look to them ; there seems to be no ground for charging the defendant with the payment a second time.

*Judgment for the defendant.*

*Allen* and *Harding* for the plaintiff.

*Ruggles* for the defendant.